988 F.2d 130
 15 ITRD 1119
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ENRON OIL TRADING AND TRANSPORTATION CO., Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 92-1089.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1993.
 
 VACATED AND REMANDED.
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 The United States appeals from the September 27, 1991 decision of the United States Court of International Trade ("CIT"), No. 87-09-00934, denying both parties' cross-motions for summary judgment but entering judgment for plaintiff on the summary judgment record. The CIT held that the United States Customs Service's ("Customs' ") attempted liquidation, almost two years after entry, of certain entries of merchandise was invalid as untimely, and therefore, that those entries were liquidated by operation of law one year after their entry, pursuant to 19 U.S.C. § 1504(a) (1984). According to that provision, the entries were subject to the duties proposed by the importer upon entry. Because the court erred in deciding the case without trial, we vacate and remand.
 
 DISCUSSION
 
 2
 The dispute in issue involves four entries of petroleum products imported by P & O Falco, Inc. ("Falco") from February through May of 1984.[1] Appellee, Enron Oil Trading and Transportation Co. ("Enron"), is the successor in interest to Falco for purposes of this appeal. At the time of entry, the merchandise was identified by the importer as "gasoline blend stock" which is subject to a duty rate of 0.25 cents per gallon under item 475.65, Tariff Schedules of the United States ("TSUS"). Customs attempted to liquidate the entries in 1986, approximately two years after entry, under the classification of "motor fuel," subject to a duty rate of 1.25 cents per gallon under 475.25 TSUS.
 
 
 3
 Enron contested the liquidation of these entries at the higher rate. Pursuant to 19 U.S.C. § 1504, an entry is liquidated by operation of law one year after the date of entry at the rate proposed upon entry, unless Customs extends the period in which to liquidate by giving notice of such extension to the importer. 19 U.S.C. § 1504(a), (b). Enron alleges that it did not receive such notice and that the entries were therefore liquidated by operation of law one year after the date of entry at the rate proposed upon entry. The government asserts, however, that it mailed notices of extension of time.
 
 
 4
 Both parties moved for summary judgment. The CIT denied both motions, stating that there was a genuine issue of material fact as to whether notice was actually mailed to Falco. Despite this holding, however, the CIT proceeded to decide the case on the record before it, relying on CIT Rule 56(e). Based on the record, the CIT found that the government failed to meet its burden of proof that notice was given, and therefore, it held that the entries were liquidated by operation of law at the lower rate pursuant to 19 U.S.C. § 1504(a).
 
 
 5
 The government now argues that the CIT's factual findings concerning whether notice was given were clearly erroneous, and that its ultimate ruling based on the affidavits of record was procedurally incorrect as a matter of law. We review the factual determinations of the CIT under a clearly erroneous standard. Daw Indus. v. United States, 714 F.2d 1140, 1142 (Fed.Cir.1983). Questions of law, however, are not entitled to such deference and we review them de novo. Lynteg, Inc. v. United States, 976 F.2d 693, 696 (Fed.Cir.1992); Daw, 714 F.2d at 1142. The dispositive issue in this case is a question of law. That is, whether the CIT was correct in deciding the case on the written record as it stood at the time of the summary judgment rulings. We conclude that it was not. Because the CIT concluded that there was a genuine issue of fact as to whether notice was given, the court should not have decided that issue on the summary judgment record. Accordingly, we vacate the CIT's decision and its findings that customs did not mail the notices. Thus we need not, and do not, consider whether those findings were clearly erroneous.
 
 
 6
 In its decision to forego trial, the CIT relied on its own procedural Rule 56(e), relating to motions for summary judgment. That Rule provides as follows:
 
 Case Not Fully Adjudicated On Motion:
 
 7
 If on motion [for summary judgment] under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.
 
 
 8
 CIT Rule 56(e). On its face, however, this Rule clearly does not authorize the CIT to forego trial and to decide the case on the summary judgment record where a genuine issue of fact exists. Instead, it requires the CIT to set out precisely any existing material fact issues that are not genuinely controverted in good faith so that the resulting trial can be tailored accordingly. This Rule does not support the CIT's procedural actions in this case. The CIT did not cite any other legal authority to justify its ruling on the summary judgment record.
 
 
 9
 In its opinion, the CIT reasoned that it was able to proceed on the record before it because "[d]uring oral argument, defendant declined the opportunity to present additional evidence on this question and indicated that it had nothing to add to the affidavits now before the court." Enron Oil Trading and Transp. Co. v. United States, No. 87-07-00934, slip op. at 10 (CIT Sept. 27, 1991). The government now argues that this statement was made solely in the context of the summary judgment motion, and cannot be interpreted as a waiver of the right to a trial in the event that its cross-motion for summary judgment were denied. We agree. Where a genuine issue of fact exists, a party may not be denied the right to present its own evidence and to challenge the evidence of its opponent. Furthermore, as we have previously stated, "experience has shown that a trial often establishes facts and inferences not gleanable from papers submitted pre-trial." SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1116 (Fed.Cir.1985). Because this case turns on the resolution of a genuinely controverted fact issue, it is legally incorrect to deny the government its right to trial.
 
 
 10
 We therefore vacate the judgment and remand the case to the CIT for a trial to determine the factual issue of whether notices of extension of time to liquidate were given.
 
 COSTS
 
 11
 Each party to bear its own costs.
 
 
 
 [1]
 These are Entry No. 84-317583-3 (entered on February 27, 1984), Entry No. 84-317634-0 (entered on March 27, 1984), Entry No. 84-342954-7 (entered on April 13, 1984) and Entry No. 84-343009-9 (entered on May 7, 1984)